R. RUTHERFORD V. HARRIS COUNTY.

(No. 2005.)

APPEAL from Harris County.    Opinion by WILLSON, J.

FRANK S. BURKE, counsel for appellant.

W. C. OLIVER, counsel for appellee.

§ 114. *Inquest upon dead body; liability of county for expenses of; services of expert; case stated.* Appellant sued the county of Harris for $225 for services rendered as a physician and chemist in performing certain *postmortem examinations*, etc., at the request of justices of the peace in said county when holding inquests upon dead bodies. Said claim had been, prior to the institution of this suit, duly presented to the commissioners' court of said county for allowance, and by said court rejected. A general demurrer to plaintiff's petition was sustained, and the suit was dismissed. *Held:* The question presented is one which has not been settled in this state. It is: "Is a county liable for the services of an expert in making *post-mortem examinations*, at the instance and request of a justice of the peace acting as a coroner *ex officio?*" There is no statute expressly declaring such liability. A justice of the peace is vested with the power and charged with the duty of holding inquests upon dead bodies in certain cases specified in the statute. [C. C. P. art. 988.] The objects of an inquest are to ascertain, with as much certainty as possible, the cause, time, manner and place of the death of the deceased: to collect and preserve the evidence in relation thereto, and to discover and bring to justice the criminal, if the death of the deceased has been the result of crime. Fees for the services of officers and jurors for holding an inquest are provided by law. [C. C. P. arts. 1077, 1080; Gen. Laws 18th Leg. p. 39.] These fees, however, are wholly inadequate except for the ordinary services contemplated by the statute, that is, the issuance and service of the

necessary process, the attendance upon the inquest, and the preservation of the evidence. They are not intended as compensation for extraordinary services, such as the disinterment and re-interment of the dead body, *post-mortem* examinations, etc. It is often necessary, to accomplish the ends of justice, that a dead body should be disinterred, and the justice has power to cause this to be done. [C. C. P. art. 989.] This *ex necessitate* vests him with the power to have it re-interred. It is certainly not intended by the law to cause the justice to perform such service individually, or to bear the expense of having the same performed. And so it is with reference to expert services in making *post-mortem* examinations, etc. It cannot be denied that such examinations are frequently useful, and in many instances absolutely indispensable to the ends of justice. In most cases where the cause of death is hidden it can only be revealed by such examinations. Particularly, in cases of death by poisoning, it is to the medical profession mainly that the courts must look for evidence of the cause of death. It is not to be supposed that the law intends that these examinations are to be made gratuitously, or that the justice must bear the expense of them. It is our opinion that a justice of the peace, being an officer of the county, vested with express authority, and charged with the duty of holding inquests, must be regarded as having authority to bind the county for such necessary and reasonable expenses as he may incur in the execution of the law. "Contracts on behalf of counties within the scope of their powers may be made by their officers or agents as is allowed by law in the case of other corporations." [Boone on Corp. § 317.] "It seems to be the well settled doctrine that all parol contracts made by the authorized agents of a corporation, within the scope of the legitimate purposes of its institution, are express promises of the corporation; and all duties imposed on them by law, and all benefits incurred at their request, raise implied promises, for the enforcement of which an action will lie."

[San Antonio v. Lewis, 9 Tex. 69.] Thus, in this state, it has been held that an overseer of a road is a legally constituted agent of the county from which he receives his appointment, and that what he does in the necessary and proper exercise of the authority conferred upon him as such overseer, the county, in its corporate capacity, is responsible for. [Watkins v. Walker County, 18 Tex. 585.] This rule is applicable to the case under consideration. In other states, where the question has been adjudicated, it has been held that the county is liable for such services of experts, when made at the request of the coroner or by order of the district attorney. [Alleghany County v. Shaw, 34 Penn. St. 301; Sherman v. Supervisors, etc. 30 How. Pr. 173.] The cases above cited seem to have been determined, not with reference to any statute upon the subject, but upon principles of reason, justice and expediency, and we believe them to be sound precedents, which should be followed in the absence of any statutory regulation to the contrary. Appellant's petition, we think, shows a good cause of action against Harris county, and the court erred in sustaining the demurrer thereto. If appellant establishes, by proof, that he performed the services at the request of justices of the peace of the county as alleged, that the same were necessary and the charges therefor reasonable, we think he must recover. We are of the opinion that the county, and not the state, is liable for such expenses, except in the single instance of an inquest upon the dead body of a penitentiary convict, in which case the county would not be liable.

February 24, 1886.          Reversed and remanded.