Wheelek, J.
It seems to he the well-settled doctrine that all parol contracts made by the authorized agents of a corporation within the scope of the legitimate purposes of its institution are express promises of the corporation ; and all duties imposed on them by law and all benefits conferred at their request raise implied promises, for the enforcement of which an action will lie. (7 Cr. R., 299; 2 Cond. R., 501; 14 Johns. R., 118.)
NoteIG. — Swift». Herrera, post 2G3; Wright «.Thompson, 14 T., 663; Beach v. Ryan, 40 T.,399.
Tliis doctrine is not now questioned; lint tlie instruction now objected to is that in which the court undertook to give an interpretation of the contract., and it is objected that in this instruction the court both misconstrued the. contract and charged upon the weight of evidence.
It is within the province of (he court to construe written instruments. The legal effect of written evidence is matter of law to be, determined by (he court. It follows as a necessary consequence that the court must instruct the, jury as to the legal effect of such evidence; and it is no infraction of the law which forbids the court to charge the jury upon the weight, of evidence. It was not the intention of the statute, to transfer from the court to the jury the interpretation of written instruments, or to trench upon the right of the court to respond to questions of law. Whether such a contract existed was a question of fact exclusively for tlio decision of the jury. What was its (rue interpretation and legal effect it appertained to (he, court to determine, and we’concur in the interpretation given in the instruction in question.
The testimony of witnesses as to their understanding of the meaning of the contract is not entitled to consideration, and had it been objected tc> it must have, been excluded by the court. It was not competent to construe by parol testimony a written contract, or thus prove its contents when the contract itself was before the court and was free from ambiguity. I?y permitting the testimony to go (o the jury without objection the parties did not deprive the court of the right or exonerate it from the duty of expounding (o the jury what was the legal interpretation of the contract. That was a question of law within the exclusive province of the court, and one, consequently, which it could not confide to the decision of the jury. (4 Blackf. R., 369; 3 Cr. R., 180; 2 Watts R., 347; 10 Mass. R., 384.)
It having been proved that the work was done pursuant to the contract and the charges being in accordance with its stipulations, the jury wore not at liberty to consider the evidence respecting the value of the work, nor could evidence of its value properly be submitted to them unless for the purpose of showing a contract so grossly unequal as to raise the prosumptiou of fraud or want of authority in the Mayor to make it. The amount to be paid bad been settled by the contract. The only questions, therefore, properly before the jury were as to the existence of such a contract and the rendition of the services under it, and upon these questions their finding was fully warranted by the evidence.
But if the verdict rested upon the evidence respecting the actual value of the work done, apart from the contract, we would not be warranted in setting it aside. The evidence leaves it doubtful whether the charges exceeded (.lie customary prices or the real value of the work. The testimony on this point was conflicting, and nothing ban be better settled than that tiie jury are the exclusive judges of the credibility of witnesses and the weight of evidence, and that where these are the questions involved the court will not disturb their verdict. We are of opinion that there is no error in the judgment and that it be affirmed.
Judgment affirmed.