## BENJAMIN F. BROWN *vs.* HARVEY D. PARKER.

Liability as the maker of a promissory note which is signed by another person with his own name alone, without words of procuration, cannot be established by proof that the person sought to be charged employed the signer of the note to carry on business for him, that the note was given for the price of articles used in the business, and that he subsequently admitted the signer's authority " to sign the note for him."

CONTRACT upon an account, and two promissory notes payable to the plaintiff or order, signed " N. H. Streeter." The declaration alleged that the defendant carried on the business of keeping a livery stable under the name and style of N. H. Streeter, employing said Streeter as his agent to manage the business, and that he, by said Streeter, made each of the notes.

At the trial in the superior court, before *Ames*, J., it appeared that the notes were given for carriages sold by the plaintiff and delivered at the stable ; and the plaintiff testified that he sold them, believing the defendant to be interested in the stable as owner or partner, and knowing that he was of sufficient ability to pay, and that Streeter was insolvent. There was evidence that the defendant admitted to another witness that he was interested in the stable and owned the stock ; whereupon the witness asked, " Are you holden on my demands ? I have taken Streeter's notes ; " to which the defendant replied, " Yes, they will be paid. I own the stock." Streeter had the general management of the business at the stable, under a power of attorney from the defendant which contained the following language :

" Now said Parker hereby makes said Streeter his agent to manage said stable stock as a let stable, and gives him full authority to carry on said stable business and to make any purchase that may be necessary therefor, he said Streeter keeping regular accounts open at all times to the inspection of said Parker, and accounting to said Parker once a quarter, beginning with April 1st 1858 ; for which said services as agent said Parker is to allow said Streeter the sum of three hundred and seventy-five dollars per quarter, and five per cent. commissions on the net profits of said business."

The plaintiff also offered to prove, by parol evidence, " that the defendant admitted Streeter's agency, and his authority to sign these notes for him; " but the judge ruled that, under the circumstances, parol evidence was not admissible for the purpose of showing that Streeter signed these notes as agent of the defendant, or that the defendant was bound by his signature.

The defendant thereupon was allowed to file, against the plaintiff's objection, a written paper, consenting to a verdict against him for the amount of the account; and a verdict was accordingly returned for that amount only. The plaintiff alleged exceptions.

*J. Nickerson*, for the plaintiff.

*H. C. Hutchins*, for the defendant.

BIGELOW, C. J. There can be no doubt that, on well settled principles, persons or corporations may be held liable on contracts, express or implied, negotiable or otherwise, entered into and executed under a name or style different from that which usually and properly belongs to them, and in which their own proper names or signatures do not appear at all. But such liability exists only where it is affirmatively and satisfactorily proved that the name or signature thus used is one which has been assumed and sanctioned as indicative of their contracts, and has been with their knowledge and consent adopted as a substitute for their own names and signatures in signing notes or executing other written contracts. In such cases, the adopted name is in law equivalent to the actual name of the party. *Melledge* v. *Boston Iron Co.* 5 Cush. 158, 173. But the evidence in this case failed to show that the defendant ever recognized the name affixed to the notes declared on as equivalent to his signature, or in any way authorized any contract to be signed by a name other than or different from his own. Nor was there a foundation laid by the proof of facts from which any such inference could be drawn. On the contrary, the agreement or power of attorney produced by the plaintiff in support of his case, and by virtue of which it is alleged that the defendant is liable for the notes, is a mere contract of agency, which not only does not contain any stipulation by which the business is to be

carried on or contracts are to be made in the name of the agent as a substitute for that of the defendant, but does not even confer on the agent any authority to give negotiable promissory notes in the name of the principal or otherwise for the purpose of transacting the business of the agency. Without express authority he could not properly sign notes in the name of the principal. An agent employed to make purchases cannot give negotiable paper on which his principal will be liable. *Taber* v. *Cannon,* 8 Met. 456. *Webber* v. *Williams College,* 23 Pick. 302. Nor did the other evidence offered by the plaintiff sustain the proposition that the name of the agent was by sanction or adoption or usage a substitute for that of the principal. Taken in its broadest aspect, and giving to it the fullest effect of which it is reasonably susceptible, it only shows a verbal admission of agency, and of an authority by the agent to sign the notes in suit for him. But the difficulty with this part of the case is, that the agent did not execute this authority. He did not sign the notes for the defendant, but he affixed his own name to them. The plaintiff did not offer to show that the defendant admitted the signature of the agent to be his, or that it was used in lieu thereof, or as a substitute therefor.

As the case stood, therefore, on the evidence, it was the note of the agent only. Parol evidence was inadmissible to show that it was given in the course of the agency, or on account of the business of the principal. Such evidence would have been competent in an action brought on a written simple contract, not negotiable. *Huntington* v. *Knox,* 7 Cush. 371. But in suits on promissory notes or bills of exchange, no evidence is admissible to charge any person as principal whose name is not in some way disclosed on the face of the note or draft. This point has been often decided in this commonwealth, and the reasons on which the rule rests have been fully stated in very recent decisions. *Slawson* v. *Loring,* 5 Allen, 340, and cases cited.

We do not see how the plaintiff was aggrieved by the ruling of the court allowing the defendant to file the written paper consenting to a verdict on the count for labor and services. The plaintiff had a verdict for all that he could legally claim

and he could not rightfully use the fact that the defendant was willing to be held responsible for the amount of the account as evidence of his liability on the notes. *Exceptions overruled.*