### ISAAC HEFFRON v. WILLIAM H. POLLARD.

No. 2684.

1. **Statement of Facts—Bills of Exception—Presumption.**—A statement of facts which contains bills of exception was filed more than ten days after the motion for new trial was granted, though before the close of the term of court. *Held*, that the record being silent as to when the bills of exception were presented to the trial judge the presumption will be indulged that they were presented within ten days after the trial was concluded.

2. **Practice.**—When a bill of exceptions and the statement of facts are not inconsistent, as when evidence incorporated in the statement of facts does not appear therein to have been objected to, but the bill of exceptions shows that an exception was reserved, both may be taken together as constituting the bill of exceptions on the particular matter.

3. **Principal and Agent—Evidence.**—A written contract was made in the name of the principal and signed in his name by another as his agent. *Held*, that it was not competent to show by parol evidence in a suit on the contract that in signing it the one who signed as agent signed the name of the principal for his own benefit and with intent to bind himself. This case distinguished from that of an undisclosed principal who is made responsible for his agent's act when made for the benefit of the principal and within the scope of the agent's authority.

4. **Contract—Parol Evidence.**—When a written contract upon its face clearly shows who were bound by it and who were not bound, its legal effect in a suit on such contract can not be varied by parol evidence, though it may be shown by parol that the written contract was colorable only and intended to obscure the real connection with the transaction of one whose name does not appear on the contract as a principal, and who was really a party to it. In such a case suit must be brought upon the real agreement.

5. **Cases Discussed.**—Chandler v. Coe, 54 N. H., 561; Trueman v. Loder, 11 Adolphus & Ellis, 589; Melledge v. Iron Company, 59 Mass., 158; Brown v. Parker, 89 Mass., 337; and Rodgers v. Hadley, 2 Hurlstone & Coltman, 227.

APPEAL from Galveston. Tried below before Hon. W. H. Stewart. The opinion states the case.

*Howard Finley,* for appellant.—The court erred in admitting in evidence, over the objection of defendant, the alleged contract signed "J. W. Fry, per Heffron," in support of plaintiff's demand as the contract declared upon as the act and deed of defendant individually, because it had not been established as the act of defendant except by the testimony of defendant that he signed it only as the agent of J. W. Fry, and not for himself as it purports, and that he has no personal interest in it. 1 Greenl. on Ev., sec. 201; Hall & Jones v. Jackson, 3 Texas, 309, 310; Heilbroner v. Hancock, 33 Texas, 714; Denison v. League, 16 Texas, 408; Mimms v. Mitchell, 1 Texas, 443; Mason v. Kleberg, 4 Texas, 86, 87; 13 Texas, 549; 19 Texas, 343; 1 Starkie on Ev., 402; 1 Greenl. on Ev., 75.

Parol evidence was not admissible to vary or contradict the instrument, and the instrument as proved showed no obligation on Heffron and was irrelevant, and for Pollard to change it after declaring on it by parol from the act of Heffron as agent to Heffron as principal was to allow Pollard to change the contract from a legal to an illegal contract. Goodman v. McGehee, 31 Texas, 257; Travis v. Duffau, 20 Texas, 56; Hunt v. White, 24 Texas, 650, 651; Smith v. Garrett, 29 Texas, 52, 53; 1 Greenl. on Ev., secs. 275, 276; Sayles' Stats., art. 2245, and rule 20 under same and notes thereunder.

If the paper when offered showed no obligation on Heffron and the plaintiff was not allowed to contradict the paper by parol, then the instrument should not have been allowed in evidence at all. Hogan v. Crawford, 31 Texas, 635, 636; Reid v. Allen, 18 Texas, 248; Self v. King, 28 Texas, 554.

*Davis & Davidson* and *F. D. Minor,* for appellee.—The contract of sale between appellee and his assignors with appellant was legal and binding on the parties thereto, and the mere knowledge or information by appellee or his assignors that the property thus sold was intended thereafter to be used by appellant for the accomplishment of an alleged illegal act would not defeat appellee's right to recover without his and his said assignors' participation in such illegal act, or some further act or conduct on their part in aid or furtherance thereof, and the court did not err in permitting appellee to so testify or in refusing the special charge. Lewis v. Alexander, 51 Texas, 591; McKinney v. Andrews, 41 Texas, 363; Bishop v. Honey, 34 Texas, 245; Lewis v. Alexander, 34 Texas, 608; House v. Soder, 36 Texas, 629; Gerhard v. Neese, 36 Texas, 635; Kreiss v. Seligman, 8 Barb., 439; Howell v. Stewart, 54 Mo., 400; Updike v. Campbell, 4 E. D. Smith, 570; Almy v. Green, 13 R. I., 350.

The execution of the contract sued on was properly shown by the evidence of appellant and of appellee, the subscribing witnesses thereto being absent, and appellee having first testified that he saw them sign

the contract and he had made diligent inquiry for and could not find them.   1 Greenl. Ev., 13 ed., sec. 572, p. 622; Wiggins v. Fleishel, 50 Texas, 63; White v. Holliday, 20 Texas, 679.

GAINES, ASSOCIATE JUSTICE.—There was a motion submitted with this case to strike from the record certain bills of exceptions which appear in the statement of facts.   A ground of the motion is that the statement of facts appears to have been filed more than ten days after the motion for a new trial was overruled.   The statute requires that bills of exceptions shall be filed during the term (Rev. Stats., art. 1364), and it has been accordingly held that an exception which is shown by a statement of facts filed after the final adjournment can not be considered. Willis v. Donac, 61 Texas, 588; Lockett v. Schurenberg, 60 Texas, 610. On the other hand when a bill of exceptions has been filed during term time and the date of its presentation to the trial judge does not appear the presumption is that it was presented within ten days after the trial was concluded.   It is not to be presumed that the judge disregarded the law and allowed a bill of exceptions which was not presented within the time provided by the statute.   We are of opinion that the same presumption should be indulged when the exceptions appear in a statement of facts which have been filed during the term.   The statement of facts in this case was filed during term time, and we therefore conclude that this ground of the motion is not well taken.

A further ground is that the ruling of the court upon the introduction of the written contract offered in evidence does not appear in the statement of facts to have been excepted to.   The separate bill of exceptions does, however, show that the exception was reserved, and we think that when the statement in the bill of exceptions and that in the statement of facts are not inconsistent both should be looked to and should be taken together as constituting the bill of exceptions upon the particular matter.   The third and last ground of the motion is that the ground of objection to the testimony is not shown.   The failure to state in a bill of exceptions the grounds of objection to the admission of evidence may have an important bearing in determining the correctness of the court's ruling in any particular case but is not a reason for striking out the bill itself.

The motion to strike out the bills of exceptions is overruled.

The appellee brought the suit in the court below.   He alleged that the defendant, who is appellant here, agreed in writing to pay W. H. Pollard & Co. and one F. W. Hendricks a certain price for certain pipe, the dimension of which he described in his petition, and that he was the owner of the claim by assignment from Hendricks and his partner, who with himself constituted the firm of W. H. Pollard & Co.   The substance of the allegations in the petition with reference to the execution of the

agreement is that W. H. Pollard & Co. and F. W. Hendricks "entered into a contract in writing with defendant, the said defendant so contracting in the name of John W. Fry, by which the said Pollard & Co. and the said Hendricks bargained and sold to the said defendant a large amount of property," etc.    There is an alternative allegation in the petition in which the execution of the contract is set out in substantially the same language, but which alleges a different effect as to time of delivery and payment.    The defendant pleaded *non est factum*.    Upon the trial the plaintiff offered in evidence a contract in writing, of which the following is a copy:

"*The County of Galveston, State of Texas.*—This agreement, made and entered into by and between John W. Fry on the one part and F. W. Hendricks and W. H. Pollard & Co. on the other part.    It is hereby understood that the said John W. Fry shall take all of the 24 inch pipe (concrete), not exceeding 430 lineal feet, and all of the 18 inch pipe (concrete), not exceeding 700 lineal feet, at the following prices, viz., the 24 inch pipe at $1.50 per foot and the 18 inch pipe at $1.25 per foot. This said pipe to be paid for at the above rate as used by the said John W. Fry, and that the said John W. Fry shall not manufacture or use any other pipe of the above quoted sizes until all the above noted pipe is consumed in the city of Galveston.

[Signed]                                "JOHN W. FRY, per HEFFRON,

                                        "W. H. POLLARD & Co.,

                                        "F. W. HENDRICKS.

"Witnesses:

        "N. A. OLCOTT,

        "W. J. JUNKER."

In order to prove the execution of the contract so offered plaintiff was sworn as a witness and testified that "the written contract was signed J. W. Fry, per Heffron, and that it was so signed by Heffron for himself and his presence"—meaning in the presence of the plaintiff.    He also testified that he had made diligent search for the subscribing witnesses but could not find them.    The defendant was then placed on the stand by plaintiff and testified that he signed the contract "as it purported J. W. Fry, per Heffron, but that he signed it as the agent of Fry and not for himself, and that he had no personal interest in it."    The court thereupon admitted the contract over the objection of the defendant and the defendant excepted.

We may treat the case for the purposes of this opinion as if there was sufficient evidence introduced to show that in executing the contract Heffron used the name of Fry in order to make the contract for his own benefit.    We think the evidence subsequently introduced, though conflicting, warranted the jury in finding that the plaintiff's theory of the case was the true one, and it may be doubted whether this would not

have cured the error of introducing it for want of sufficient evidence upon that point, if error it were.

But the question presents itself whether in a contract like this, which is made in the name of a principal and which is signed in his name by another as his agent, it is competent to show by parol evidence in order to recover on the written contract itself that in signing the agreement the one who purported to sign as agent signed the name of the principal for his own benefit and with the intention to bind himself? We have been unable to find any-case in which this exact point has been determined. There are few branches of law that have given rise to more adjudications than that of principal and agent, and the cases are especially numerous in which the liability of the principal or agent as to third parties is discussed. There are certain principles, however, which are well settled. If the principal be disclosed, and it appear upon the face of the contract that agent does not intend to bind himself, the agent is not liable. If the principal be not disclosed it is universally conceded as to non-negotiable contracts not under seal that parol evidence is admissible to show the principal and to hold him liable upon a contract made in the name of the agent for his benefit. This may seem to be an exception to the rule that parol evidence is not admissible to vary the terms of a written contract, but it is not so held. It is said not to vary the terms of the contract, but to bring in a new party whom the law holds bound by it by reason of his relation to the party in whose name it is executed for his benefit. In such a case the principal may either sue or be sued. But a plaintiff can not sue both; he must make his election. If, however, the principal be disclosed, and the face of the writing shows that the agent is bound, it is presumed that the other party has elected in the contract itself to look to the agent, and the principal is not liable upon it.

Chandler v. Cox, 54 N. H., 561, was a case in which the principals were sued upon a contract which was signed by their agent but which did not upon its face disclose the agency. It was, however, a question of fact whether or not the principals were known to be such at the time the contract was executed. The court in an able and elaborate opinion, which reviews all the authorities, hold that if the principals were not known when the agreement was signed parol evidence was admissible to show the agency of the signer and to charge the principal; but that if in point of fact agency was then disclosed, such evidence tended to vary the writing and could not be admitted. The ground of the ruling upon the latter point was that if the plaintiff knew when the contract was entered into that it was made for the benefit of third parties the writing showed that they had elected to look to the agent for its performance, and parol evidence was not admissible to vary the writing by showing that they did not so elect. The contract now before us presents a different case, but

we think a stronger one for the defendant.   As to the legal effect of this contract upon its face there can be no doubt.   It discloses the names and relation of all the parties connected with it.   It· binds Fry, the principal, and does not bind Heffron, the agent.   If it had said in express terms that Fry was bound by the contract and Heffron not, the meaning in the light of the law would not have been more unmistakable.

Can Heffron be held liable upon this written agreement?   Is it permissible in order to bind him to show by parol testimony an intention ·exactly contrary to that expressed on the face of the writing, namely, that Heffron was bound by it and that Fry was not bound?   In our opinion this can not be done without violating a cardinal rule of evidence. It is very different from the case of an undisclosed principal.   The law makes him responsible for the act of his agent.   The act of the agent made for his benefit and within the scope of the authority conferred by him is his act.   In such a case parol evidence may be resorted to to show that by reason of a fact existing at the time the contract is made, not known to one of the parties, there is a third party for whose benefit it is made who is bound by it.   The relation of principal and agent being unknown to one of the contracting parties he could not make an election at that time, and it is not to be presumed that he intended to look alone to the agent should it subsequently appear that the contract was made for the benefit of another who has given.authority for its execution.   The undisclosed principal may sue on a contract made for him in the name ·of his agent, and for a similar reason he is held liable to be sued.   But we apprehend that if a contract in writing should expressly declare that if it should subsequently be disclosed that a party signing had a princi- ·pal such principal should not be bound no evidence would be admitted to show a liability contrary to such express terms.

But there is another point of view from which this case must be considered.   The effort in the court below was to show that the defendant :assumed the name of Fry in order to make the contract for his own benefit.   We understand the law to be that when a party for the purpose of transacting business adopts an assumed name, whether it be fictitious or the name of another, he is bound by a contract made in that name.   In Trueman v. Loder, 11 Adolphus & Ellis, 589, Lord Denman says: "Parol ·evidence is always necessary to show that the party sued is the person making the contract and bound by it.   Whether he does so in his own name or in that of another or in a feigned name, or whether the contract be signed by his own hand or that of agent, are inquiries not different in their nature from the question, who is the person who has just ordered goods in a shop."   In that case the principal had been engaged in doing business in the name of his agent and the contract was signed by the agent in his own name.   See also Melledge v. Iron Co., 59 Mass., 158; Brown v. Parker, 89 Mass., 337.   In the present case also the name is

not a fictitious one. It is the name of a real person. But the contract purports to bind him alone, and upon its face is inconsistent with the idea that the defendant in signing it may have intended to use it for his own business name. His signature as agent clearly negatives the conclusion that any such construction was intended to be put upon it. The intention of the parties to a written contract must be derived from the writing itself when its meaning is clear. Can it be said that the admission of parol evidence to show that the contract before us was made for the benefit of defendant and was intended to bind him does not violate this rule? We think not. The contract clearly shows the relation of all the parties to it, who was to be bound and who was not to be bound, and its legal effect can not be varied by such evidence.

The rule is further illustrated by the well recognized rule that although in case of an undisclosed principal the plaintiff may show there was a principal in order to bind him, yet the agent is not permitted to prove the same fact in order to free himself from responsibility. Such a contract shows clearly upon its face that he is bound, and the law will not permit him to show the contrary. To this there is an apparent but not a real exception. The agent may show in order to relieve himself from liability upon an apparent written agreement, which if real would bind himself upon its face, that it was agreed when it was signed that it should not take take effect as a contract, but that the real contract was an unwritten one, which bound only his principal. In other words he may show that the writing was a mere colorable transaction and was understood by the parties to be not a contract at all and that the real contract was not in writing and bound only his principal. Rogers v. Hadley, 2 Hurl. & Colt., 227. So in this case we think that if it were true that the writing offered in evidence was understood and agreed to be a mere colorable transaction, intended to obscure defendant's real connection with the contract, and if he really purchased the pipe the plaintiff could have recovered upon the real agreement notwithstanding the apparent contract entered into in writing.

If the plaintiff had alleged and proved a want of authority on the part of the defendant to make the contract for Fry, then also he could have maintained his action against defendant. But even in that case according to what appears to us the better reason and the weight of authority, his action would have been not upon the contract itself but upon the implied warranty or for the deceit. Bartlett v. Tucker, 104 Mass., 336; Lander v. Castro, 43 Cal., 497; Hall v. Crandall, 29 Cal., 567. The defendant testified in effect that he had authority from Fry to make the agreement for him. The testimony of plaintiff is not necessarily inconsistent with the idea that he did have such authorty, although in signing the agreement he may have acted for himself.

If the contract had been signed in the name of Fry only it would have

been proper to have permitted it to be read to the jury upon proof that defendant signed it, that the contract was made for his benefit, and that he assumed the name of Fry as his business name in the transaction. But the writing was inconsistent with the theory that Fry's name was used as the name of the defendant, and therefore did not establish the plaintiff's case and should have been excluded. For the error in admitting it the judgment must be reversed.

In order for defendant to have availed himself of the illegality of the contract as a defense he should have pleaded it. 1 Chitty's Plead., 16 Am. ed., 506.)

If the plaintiff could have maintained his action upon the written contract, four years not having elapsed when the suit was brought, the statute of limitations was no defense.

The other questions we deem unnecessary to consider.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 26, 1889.