PECOS & N. T. RY. CO. v. SCURLOCK et al.

(Court of Civil Appeals of Texas. April 1, 1911.)

PRINCIPAL AND AGENT (§ 188*)—NECESSARY PARTIES—AGENT.

In an action on a check executed by defendants to plaintiff's agent for an indebtedness due plaintiff, the agent was not a necessary or proper party.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 711, 712; Dec. Dig. § 188.*]

Appeal from Gray County Court; T. M. Wolfe, Judge.

Action by the Pecos & Northern Texas Railway Company against H. W. Scurlock and others. From a judgment dismissing the petition, plaintiff appeals. Reversed and remanded.

Hoover & Taylor, for appellant. S. E. Boyett, for appellees.

SPEER, J. The Pecos & Northern Texas Railway Company brought suit in a justice's court of Gray county to recover from H. W. Scurlock and O. H. Scurlock the sum of $106.66, and legal interest, evidenced by a check payable to the order of S. A. King, signed by Scurlock & Son. On appeal to the county court, that court sustained the defendants' special exception to plaintiff's petition for want of necessary parties and dismissed the action, from which judgment this appeal is prosecuted by the railway company.

Appellant's petition (the same being in writing) alleged: "That such indebtedness is evidenced by a check for the sum of $106.66, of the date of 12–1–06, and addressed to the First National Bank of Texico, N. M., and payable to the order of S. A. King, and signed by Scurlock & Son; that this check was given in truth and in fact to S. A. King, as agent of the plaintiff railway company, and in payment to said railway company for a shipment of meat and butter from Swift & Company of Ft. Worth, Tex., to the defendants at Texico, N. M.; that said railway

company is the true and legal owner of such check; that the same, though often presented to said bank and to the defendants for payment, has never been paid, either in whole or in part, and the defendants refuse to pay the same, or any part thereof."

Under these allegations appellant had the right to recover against appellees on the check described, and the court erred in dismissing its suit for the want of parties. Heffron v. Pollard, 73 Tex. 96, 11 S. W. 165, 15 Am. St. Rep. 764; G., C. & S. F. Ry. v. Stanley, 89 Tex. 42, 33 S. W. 109. King, who is alleged to have no interest whatever in the subject-matter of the suit, was not a necessary or even a proper party.

Reversed and remanded.