McMURRY et al. v. TUTTLE.　(No. 5541.)*

(Court of Civil Appeals of Texas. San Antonio. Dec. 22, 1915. Rehearing Denied Jan. 12, 1916.)

1. BROKERS ⬦⟹74—LIABILITY FOR BROKER'S COMMISSION.

　A firm owning an interest in land, and which had agreed to pay plaintiff a commission on sales of such lands, sold its interest to L. and D., who assumed contracts with various purchasers, and agreed to pay the commissions due agents out of payments by purchasers. The purchase was made by L. and D. for the benefit of persons who subsequently formed a partnership with them, but who were not then partners of L. and D. *Held* that such persons were not liable to plaintiff for commissions, as a partnership is much more far-reaching in its effects than a mere purchase of property together, and such a purchase or the taking and holding of a beneficial interest in property bought by another does not constitute the parties partners within the rule that one party may make a contract binding upon the assets of each member of the partnership.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 62; Dec. Dig. ⬦⟹74.]

2. APPEAL AND ERROR ⬦⟹1175—DISPOSITION OF CASE—RENDERING FINAL JUDGMENT.

　Where a case was fully developed in so far as plaintiff was concerned, and did not show liability on the part of certain defendants to plaintiff, and the testimony of other parties not

testifying on the trial could not have showed such liability, a new trial would not be granted upon the reversal of a judgment for plaintiff as against such defendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. ⊂⊃ 1175.]

Appeal from District Court, Dimmit County; J. F. Mullally, Judge.

Action by W. E. Tuttle against Wm. McMurry, T. L. Polk, and others. From a judgment for plaintiff, the defendants named appeal. Affirmed in part, and reversed and rendered in part.

Mangum & Townsend, of San Antonio, and Vandervoort & Johnson, of Carrizo Springs, for appellants. J. O. Rouse, of Carrizo Springs, and Love & Ellis, of Uvalde, for appellee.

CARL, J. [1] W. E. Tuttle sued the Hust & Brundage Company, a firm composed of Harry Hust, S. P. Brundage, Eli Howell, and H. C. King, and the members individually, and the firm of Howell Bros. Company, alleged to be a firm composed of Eli Howell, Lee Howell, Wm. McMurry, Otto S. Dowlen, T. L. Polk, Jerry Long, E. B. Long, and ——— Powell, and each of said members individually, to recover commissions for the sale of various tracts of land out of what was known as the "Big 4 Colony." The petition charges that the plaintiff had a contract, made with the Hust & Brundage Company, which had a sales agency for the lands, whereby he was to receive 10 per cent. on the sale price of all land sold by him, and he named the contracts of sale which he made and on which he alleged his commissions amounted to $8,180.

The petition alleges that E. B. Long and O. S. Dowlen took over from the Hust & Brundage Company the contracts made with the various purchasers and assumed to carry them out and to pay commissions due agents as purchasers made their payments on the land. These commissions were to be paid, under the contract, partly out of the cash payments, and then, as the purchasers made other payments, the remainder of the commission was to be paid. He alleged that the commission had become due upon 21 tracts by reason of the defendants having purchased back the land from those to whom it was sold; that his commission on two contracts had become due by reason of the failure of the defendants to furnish water as contracted, thereby causing the two purchasers to be unwilling and unable to perform their contracts and causing said two purchasers to abandon their land; and that his commissions on nine contracts had become due by reason of the failure of defendants to furnish the purchasers water as per contract, thereby causing the nine purchasers to abandon their contracts. Further, that he was due his commission on the Huffman land because same had been paid for. The petition charges that when the Hust & Brundage Company sold to Long and Dowlen, they assumed the obligation to pay plaintiff and other obligations of said selling company; that while title to the land and choses in action was taken in the name of Long and Dowlen, they in fact took same in trust for Howell Bros. Company and each member thereof, and that the individuals composing said firm were Eli Howell, Lee Howell, Wm. McMurry, Otto S. Dowlen, T. L. Polk, Jerry Long, E. B. Long, and ——— Powell, and he therefore sued Howell Bros. Company, and each alleged member individually, as beneficiaries in said trust and as partners in said transaction.

These allegations were denied. When plaintiff rested, upon motion for an instructed verdict, the court stated that he would withdraw the case from the jury so far as Howell Bros. Co., Lee Howell, and the nonresidents, H. C. King, E. B. Long, Otto S. Dowlen, J. W. Long and J. E. Powell, were concerned. The jury's verdict was that plaintiff recover $4,600 against the Hust & Brundage Company, Harry Hust, Eli Howell, Wm. McMurry, and T. L. Polk, and that he take nothing as against Howell Bros. Company and Lee Howell, and, as to the nonresidents mentioned, they were dismissed.

Two purchases of the Hust & Brundage Company's interests were made, the first November 22, 1909, and the other in February, 1911. It may be stated that the evidence, if not uncontradicted, is at least sufficient to show that when Long and Dowlen purchased these interests appellants McMurry and Polk took and held a beneficial interest in the same, although they did not appear in the purchase. It is also established that McMurry and Polk were members of the firm of Howell Bros. Company when it was organized, but this was not done until some time in August, 1911. There is no sufficient evidence to show that there was a partnership existing between appellants and Long and Dowlen at the time of the purchase of either of these interests. Most of the sales contracts upon which commissions are sought by appellee were made in 1909 and 1910, but none were made as late as February, 1911. So, at the time the claim for commissions is alleged to have accrued, all that can be said, in so far as appellants are concerned, is that they had an interest in the contracts purchased and had an interest in the property taken over by Long and Dowlen, although their names did not appear.

When, upon the trial of the case, it developed that Howell Bros. Company had not been organized at the time these contracts were made or at the time Long and Dowlen assumed to carry the same out, that partnership, as such, was eliminated by the court; but appellants were held on the theory that Long, Dowlen, McMurry, Polk, and others took and held a beneficial interest in that

purchase. There is no testimony that either of the appellants was a member of the firm of the Hust & Brundage Company. McMurry says that he was a member of Howell Bros. Company when it was organized later, which was in August, 1911, but that in the Long and Dowlen purchase, wherein it assumed to carry out appellee's contract, along with others of the Hust & Brundage Company, he, Polk, and others took and held a beneficial interest in the lands, etc., so conveyed to Long and Dowlen. The testimony of appellee, himself, goes no further than to show that appellants "took and held a beneficial interest" in the purchase made by Long and Dowlen, but it does not show that they constituted a partnership. Not all parties who buy property together are partners; there is something more necessary to be alleged and proven. There must be a partnership agreement, either express or implied, and there is no such showing made here. A partnership is much more far reaching in its effects than a mere purchase together of property, for it carries with it responsibilities, powers, and liabilities which do not attach to the mere purchase together of property. One partner may make a contract which, in its effect, is binding upon the assets of each member thereof, and it would never do to hold that the mere purchase together of property, or the taking and holding of a beneficial interest in property bought by another, who holds the same in trust for those interested therein, would constitute all such owners partners in law.

It is not necessary for us to go into details in the discussion of this subject, because we have only recently held, in Manley v. Noblitt, 180 S. W. 1154, opinion dated November 17, 1915, and not yet officially reported, that one taking and holding a beneficial interest in property placed in the name of another is not liable upon such written contract, even in a case where the parties not named were in fact known and were in fact real owners. In the case mentioned we followed the holding of the Supreme Court in Heffron v. Pollard, 73 Tex. 99, 11 S. W. 165, 15 Am. St. Rep. 764, and Sanger v. Warren, 91 Tex. 478, 44 S. W. 477, 66 Am. St. Rep. 913.

[2] So, if we concede all that appellee shows, which is that the purchase and assumption of the contracts was for the benefit of appellants as well as for Long and Dowlen, nothing is shown upon which appellants could be held liable. And, since it appears that the case was fully developed in so far as the plaintiff below was concerned, and that the testimony of the other alleged members of the firm in Tennessee, at most, would only substantiate McMurry's statement that the contracts, etc., were bought for their interest as well as Long's and Dowlen's, but that they were not partners, there will be no use in sending the case back for another trial. In the affidavit in support of the motion for new trial Long and Dowlen swore that they never had any partnership agreement with appellants in regard to this matter.

Therefore, the judgment of the trial court is reversed, and judgment is here rendered that appellee take nothing as against appellants; but, since Eli Howell and the Hust & Brundage Company and the members thereof did not appeal, that part of the judgment is affirmed.