Guy ALDRIDGE, Appellant,

v.

NORTHEAST INDEPENDENT SCHOOL
DISTRICT, Appellee.

No. 14386.

Court of Civil Appeals of Texas.

San Antonio.

June 1, 1966.

Rehearing Denied June 27, 1966.

Frank Y. Hill, Jr., San Antonio, for appellant.

Foster, Lewis, Langley, Gardner & Hawn, Ralph G. Langley, Willis T. Taylor, San Antonio, for appellee.

MURRAY, Chief Justice.

This cause was before this Court on June 2, 1965, at which time we ordered the appeal dismissed upon the theory that the judgment appealed from was only an interlocutory order. Aldridge v. Northeast Independent School Dist., Tex.Civ. App., 392 S.W.2d 607.

The Supreme Court of this State granted a writ of error, reversed the judgment and remanded the case to this Court for consideration of the appeal on its merits. Northeast Independent School Dist. v. Aldridge, 400 S.W.2d 893.

We now proceed with the hearing on the merits of the appeal.

This suit was instituted by Northeast Independent School District against Guy Aldridge, alleging that defendant executed a written contract with plaintiff whereby plaintiff agreed to purchase from defendant, and defendant agreed to sell to plaintiff, approximately 20.963 acres of land situated in Bexar County, Texas, fully described in the pleadings, and defendant further agreed in said written contract to construct an adequate sewer line approved by the City of San Antonio, Texas, to a

point on the southern boundary of the premises, and to construct public streets along and abutting the northern and western boundaries of the premises, such construction to take place on or before August 1, 1962.

Defendant failed to construct the sewer line or the public streets, or any portion thereof, within the time required, directly resulting in damages to plaintiff in the sum of $30,000.

The defendant's answer included a plea in abatement, a general denial, a plea that the contract was in reality made by plaintiff with King-O-Hills Development Co., a corporation, for which he acted only as agent in executing the contract, and defendant filed a cross-action against King-O-Hills Development Co., to recover any sum which he might be adjudged liable to pay to the School District.

Plaintiff filed a motion for summary judgment based upon breach of the written contract, which motion was granted upon the issue of liability as to Guy Aldridge, and the issue of amount of damages was set for a hearing at a later date. The attorneys for plaintiff and defendant later stipulated the amount of damages to be $30,000, and the court proceeded to render judgment in that sum in favor of plaintiff against defendant, Guy Aldridge, who has prosecuted this appeal.

The written contract sued upon by appellee on its face presents a clear, concise, complete and unambiguous written expression of the agreement between appellant and appellee.

■ Appellant did not deny the execution of the contract under oath, as is required by Rule 93, Texas Rules of Civil Procedure. Neither did he allege fraud, accident or mistake in the execution of the contract. Under such circumstances the construction of this unambiguous written contract was for the court not a question of fact to be submitted to a jury. Republic Nat. Life Ins. Co. v. Spillars, 368 S.W. 2d 92, 5 A.L.R.3d 957 (Tex.1963); City of San Antonio v. Lewis, 9 Tex. 69; Pan Am. Petroleum Corp. v. Texas Pac. Coal & Oil Co., Tex.Civ.App., 340 S.W.2d 548; Gray v. Blau, Tex.Civ.App., 223 S.W.2d 548.

■ The trial court could not consider parol evidence which would vary or contradict the terms of this written contract, and in the absence of such parol evidence the written contract presented no fact issues. The court could do nothing other than enforce the contract according to its terms and, if such terms had been violated, to allow damages for such breach. When the parties stipulated the amount of the damages they removed the only fact issue in the case. Heffron v. Pollard, 73 Tex. 96, 11 S.W. 165; Davis v. Andrews, Tex.Civ.App., 361 S.W.2d 419; George v. El Paso County Water Control & Imp. Dist. No. 1, Tex.Civ.App., 332 S.W.2d 144; Ross & Sensibaugh v. McLelland, Tex.Civ.App., 262 S.W.2d 205.

■ Appellant contends that the written contract was only part of a large contract consisting of other contemporaneous oral contracts. It would be possible to show other contemporaneous oral contracts, so long as they do not dispute or contradict the provisions of the written contract, but here the oral contracts which appellant contends for are in direct conflict with the clear provisions of the written contract. The written contract plainly states that Guy Aldridge is the seller of the 20.963 acres of land, and that Guy Aldridge agrees to build the sewer line and the roads and the contrary cannot be shown by parol evidence. Appellant can show by parol evidence that he was acting for an undisclosed principal in order to establish the liability of such undisclosed principal, but this cannot be done to free the agent from his liability.

This record does not raise any question of failure of consideration. The land was transferred to the School District and the

consideration agreed upon was fully paid. The only breach of this contract was that Aldridge failed to build the sewer line and the roads which he agreed to build, and it is stipulated that the resulting damage was the sum of $30,000.

Appellant has undertaken to raise the issue of estoppel against appellee, but there is nothing in this record to raise such an issue.

The judgment is affirmed.