**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellant,**

v.

**Loyal FERGUSON, d/b/a Ferguson's Parking Lot Maintenance, Appellee.**

**No. 15005.**

Court of Civil Appeals of Texas.

Houston.

March 30, 1967.

Urban, Coolidge, Pennington & Heard, Robert J. Newton, Houston, for appellant.

No appearance or brief for appellee.

WERLEIN, Justice.

This suit was brought by appellant, Southwestern Bell Telephone Company, against appellee to recover the unpaid balance due appellant on a written contract for advertisements published in 1963 in the Greater Houston Yellow Pages Directory. Appellee in his answer alleged in substance that the advertising contracted for was not placed directly under the appropriate headings of the Directory and therefore that he was not liable for the advertising. The court entered judgment in favor of appellant against appellee on the jury verdict in the sum of $372.00 plus attorney's fees in the sum of $150.00, or a total of $522.00, from which judgment appellant has ap-

pealed. Appellee has filed no brief and has no cross-assignments.

Appellant asserts that the trial court erred in failing to sustain its motion for instructed verdict for the full amount sued for in the sum of $744.00 plus attorney's fees, and also erred in overruling its motion for judgment after verdict, and in overruling appellant's objections to evidence admitted concerning oral negotiations and discussions between the parties prior to the execution of the written contract in question, and in overruling appellant's exceptions to the court's charge to the jury.

Appellee admitted, in answer to appellant's request for admissions, that he signed and executed the contract dated February 13, 1963, for display advertising to appear in appellant's June, 1963, Yellow Pages Directory, and that the displays which appellant asserts were placed in the June, 1963, Directory appeared therein on pages 664 and 980 of such Directory. He further admitted that if such displays had been placed directly under the appropriate headings where he thought they should have been placed, he would be liable to appellant in the sum of $744.00. Appellant's witness, Mr. Simon, testified that there was a balance of $744.00 owing by appellee on the contract.

The contract in question is unambiguous. It provides, among other things: "The Telephone Company does not guarantee the position of display advertisements." There is nothing in the contract which recites that the display advertisements in question would appear at any specific place on the appropriate pages of the Directory. Appellee admitted that any negotiations that he had with appellant's solicitor of the advertisements occurred prior to the execution of the written contract. He has not pleaded failure of consideration, fraud, mistake, accident, misrepresentations which induced the execution of the contract, or any equitable grounds for setting aside and not enforcing such contract. He merely alleged that under the contract dated February 13, 1963, appellant was to include in its Classified Section

of its Telephone Directory an advertising display at the end of the "Parking Lot Maintenance" section of said Classified Telephone Directory. Several similar allegations are made, all referable to the written contract dated February 13, 1963. Clearly this was an attempt by appellee to vary the written contract by parol. Appellant objected and excepted to the evidence in support of such allegations, but its objections were overruled by the court. After both parties had rested, appellant moved the court for an instructed verdict, which the court refused to grant. Appellant also objected to the submission of special issues other than the first issue which inquired as to whether appellant and appellee entered into a written contract for the advertisements in question, which issue was answered by the jury in the affirmative.

■ The court erred in admitting in evidence the testimony of appellee with respect to any prior negotiations or agreements which he had with appellant, since such negotiations and agreements, if any, were prior to the execution of the written contract and were merged therein, and the effect of such evidence was to vary a written instrument by parol. The court should have granted appellant's motion for an instructed verdict. The law is so well settled that the contruction of unambiguous written contracts is for the court, and not the jury, that no citation of authorities is necessary.

■ In the instant case appellee admitted the execution of the contract, and he neither alleged nor proved fraud, accident, or mistake in the execution thereof. Under such circumstances the construction of such written contract was for the court. There were no fact issues to submit to the jury. Republic Nat. Life Ins. Co. v. Spillars, Tex.Sup.1963, 368 S.W.2d 92, 5 A.L.R.3d 957; City of San Antonio v. Lewis, 9 Tex. 69; Pan American Petroleum Corp. v. Texas Pac. Coal & Oil Co., 340 S.W.2d 548, Tex.Civ.App.1960, ref., n. r. e.; Aldridge v. Northeast Independent School Dist., 404

S.W.2d 655, Tex.Civ.App.1966, ref., n. r. e. It was error for the court to permit the introduction of parol evidence which varied and contradicted the terms of the written contract. In the absence of such parol evidence, the written contract presented no fact issues, and there was nothing for the court to do but enforce the contract according to its terms. Heffron v. Pollard, 73 Tex. 96, 11 S.W. 165; George v. El Paso County Water Con. & Imp. Dist. No. 1, 332 S.W.2d 144, Tex.Civ.App.1960, ref., n. r. e.; Davis v. Andrews, 361 S.W.2d 419, Tex.Civ.App.1962, ref., n. r. e.

The judgment of the Trial Court is reversed and judgment is here rendered in favor of appellant against appellee in the sum of $744.00, plus attorney's fees as found by the jury, in the sum of $150.00, with interest thereon from June 29, 1966, at the rate of 6% per annum until paid.

Reversed and rendered in part, and in part affirmed.

COLEMAN, J., not sitting.