B. L. NELSON, Individually and d/b/a Vista Hills Mobile Home Community, a partnership, Appellant,

v.

TEXAS POWER & LIGHT COMPANY, Appellee.

No. 5607.

Court of Civil Appeals of Texas, Waco.

Oct. 28, 1976.

Rehearing Denied Nov. 18, 1976.

Robert M. Greenberg, Greenberg & Bach, Dallas, for appellant.

Catherine A. Gerhauser, Burford, Ryburn & Ford, Dallas, for appellee.

HALL, Justice.

Texas Power & Light Company brought this suit against W. Jay Watson and B. L. Nelson, individually, and d/b/a Vista Hills Mobile Home Community, a partnership, to recover the balance allegedly owing on a written contract under which T.P. & L. furnished and installed underground electric facilities at Vista Hills Mobile Home Park in the City of Waxahachie.

The contract sued upon recites that it is between T.P. & L. and "W. Jay Watson, an individual, hereinafter called 'Customer'"; and that "Customer owns the 274 lot Vista Hills Mobile Home Park." Excepting T.P. & L.'s representative, the contract is signed only by "W. J. Watson, Owner." The record shows without dispute that at the time Watson executed the contract, Vista Hills Mobile Home Park was owned and being developed by Watson and B. L. Nelson as general partners under the business name of Vista Hills Mobile Home Community.

 Trial was to a jury. In its answers to the first two special issues, the jury found that when Watson signed the contract he was acting as agent for the partnership and within the scope of his authority. The evidence supports these findings. Based upon these findings (and others not in question) judgment was rendered in favor of T.P. & L. against Watson, Nelson, and the partnership, jointly and severally, for $35,073.00.

Only Nelson appeals. He asserts that because the contract recites that it was signed by Watson in an individual capacity, the proof which shows the existence of the partnership and that Watson was acting for it when he dealt with T.P. & L. was admitted in violation of the parol evidence rule, and that, accordingly, the jury's answers to special issues 1 and 2 are not supported by probative evidence. We disagree.

With exceptions, the parol evidence rule prohibits the introduction of proof to contradict or vary the terms of a contract written in unambiguous language. However, where the principal to a contract is not disclosed in the agreement, extrinsic evidence is ordinarily admissible to show the principal and to hold him liable upon a contract made in the name of the agent for his benefit. *Texas Land and Cattle Co. v. Carroll*, 63 Tex. 48, 52 (1885); *Berry v. Pierce Petroleum Corporation*, 120 Tex. 452, 39 S.W.2d 824, 826 (Tex.Com.App.1931, opinion adopted); 23 Tex.Jur.2d 558, Evidence, § 374. This proof does not vary the terms of the contract, "but to [brings] in a new party, whom the law holds bound by the reason of his relation to the party in whose name it is executed for his benefit." *Heffron v. Pollard*, 73 Tex. 96, 11 S.W. 165, 166 (1889). There are no exceptions to the application of this rule in the record before us. The proof in question was properly admitted.

The judgment is affirmed.