McClean v. Wash 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-519-CV





GERALD EDWARD McCLEAN, SUSAN McCLEAN AND ERIK C. MOEBIUS,




 APPELLANTS


vs.





MICHAEL A. WASH,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY



NO. 205,182, HONORABLE J. DAVID PHILLIPS, JUDGE



 




PER CURIAM


 This appeal arises from a dispute over which of two attorneys contracted to provide
legal services to appellants Gerald and Susan McClean. The McCleans brought causes of action
against appellee Michael A. Wash for breach of contract, tortious interference with contract, and
tortious interference with their prosecution of the claim for which they sought legal representation. 
Appellee generally denied the McCleans' claims and counterclaimed for the McCleans' breach of
contract, alleging that the contract entitled him to attorney's fees. Appellee moved for summary
judgment on his counterclaim and on all the McCleans' claims. The trial court rendered summary
judgment denying the McCleans' claims and granting appellee recovery of the attorney's fees due
under the contract.

 The summary-judgment record shows that on September 1, 1989, the McCleans
signed a contract entitling them to legal representation on their claim against a third party in return for a one-third contingent fee. Erik Moebius, whom appellee employed as an attorney,
worked on the McCleans' case until appellee terminated Moebius' employment in September
1990. On September 24, 1990, the McCleans signed a new contract employing Moebius as their
attorney in return for a one-third contingent fee. The McCleans subsequently settled their lawsuit. 
The insurance company that paid the settlement, being unsure whether Wash or Moebius was
entitled to the contingent fee on the McCleans' recovery, interpleaded the fee into the court's
registry.

 Appellee, as movant for summary judgment, had the burden of showing that no
genuine issue of material fact existed and that he was entitled to judgment as a matter of law. 
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Appellee's
summary-judgment burden was the same on both his defense and his counterclaim. Gibbs v.
General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970). In reviewing a summary judgment,
we take as true all evidence favoring the nonmovants and indulge every reasonable inference and
resolve every doubt in their favor. Nixon, 690 S.W.2d at 548-49. 

 In points of error two and three, the McCleans argue that a fact issue exists whether
the contract for legal services that they signed on September 1, 1989, designated appellee as their
attorney. The document entitled "Contract and Power of Attorney" states that it was made
between the Law Offices of Michael A. Wash on one side and Susan Jeannette McClean and
Gerald Edward McClean on the other. It provides that the McCleans employ the Law Offices of
Michael A. Wash to collect their claim for damages and that they authorize the Law Offices of
Michael A. Wash to try or settle their claim. In consideration of the duties performed by the Law
Offices of Michael A. Wash, the contract states that the McCleans assign to the Law Offices of
Michael A. Wash one-third of the amount collected. Gerald and Susan McClean each signed the
contract, and below their signatures appears the following:


 EMPLOYMENT ACCEPTED:



 LAW OFFICES OF MICHAEL A. WASH



 By /s/ Erik C. Moebius 

 ATTORNEY, ERIK C. MOEBIUS

 A court's primary objective in interpreting a contract is to ascertain and effect the
intentions of the parties as expressed in the contract. If, after considering the entire instrument,
a court can give it a definite legal meaning, it is not ambiguous. A summary judgment based on
an unambiguous contract is proper. R & P Enter. v. LaGuarta, Gavrel & Kirk, 596 S.W.2d 517
(Tex. 1980).

 In forming a contract, a person who discloses both his agency status and the
identity of his principal contracts in a representative, not an individual, capacity. Heffron v.
Pollard, 11 S.W. 165, 167 (Tex. 1889); Nagle v. Duncan, 570 S.W.2d 116 (Tex. Civ. App.
1978, writ dism'd); Vincent Murphy Chevrolet Co. v. Auto Auction, Inc., 413 S.W.2d 474 (Tex.
Civ. App. 1967, writ ref'd n.r.e.). Here, the signature line of the contract names the principal,
Law Offices of Michael A. Wash, and the contract is signed on behalf of that principal by
Moebius, an authorized individual, acting as agent. The text of the contract refers to the
contracting parties as the Law Offices of Michael A. Wash or "attorneys" on one side and Susan
J. and Gerald McClean on the other. The text and the signature line of the contract together
unambiguously show that the McCleans employed the Law Offices of Michael A. Wash as their
attorney and that Moebius signed the contract in a representative capacity. E.g., Heffron, 11
S.W. at 166-67; Wolf v. Little John Corp. of Liberia, 585 S.W.2d 774 (Tex. Civ. App. 1979, writ
ref'd n.r.e.); TMG Truck Service, Inc. v. Petty, 313 S.W.2d 142 (Tex. Civ. App. 1958, writ ref'd
n.r.e.). No fact issue exists whether the McLeans employed the Law Offices of Michael A.
Wash.

 To defeat the McCleans' claim for breach of contract and to recover on his
counterclaim for attorney's fees, appellee had to establish as a matter of law that the contract was
made between him and the McCleans. Appellee stated in the affidavit supporting his summary-judgment motion that he was the sole proprietor of the Law Offices of Michael A. Wash, and the
McCleans do not contest his proprietorship. The legal identity of a sole proprietor is
indistinguishable from his legal identity as an individual. See 19 Robert W. Hamilton, Business
Organizations § 3 (Texas Practice 1973). The owner of a business can sue or be sued in either
his individual name or the name under which he does business. Tex. R. Civ. P. Ann. 28 (1979);
Dillard v. Smith, 205 S.W.2d 366, 367-68 (Tex. 1947); see, e.g., Jones v. S.G. Davis Motor Car
Co., 224 S.W. 701 (Tex. Civ. App. 1920, writ dism'd) (individual could sue on note payable
under his trade name). The trial court could reasonably conclude from the record that Michael
A. Wash and the Law Offices of Michael A. Wash are the same legal entity. Appellee Michael
A. Wash was therefore entitled to recover under the contract, which unambiguously designated
the Law Offices of Michael A. Wash as the McCleans' attorney. We overrule points two and
three.

 In point of error four, the McCleans contend that the trial court erred in refusing
to consider as summary-judgment evidence statements in the affidavits of Gerald McClean, Susan
McClean, and Erik Moebius. The gist of the statements in the McCleans' affidavits is that they
hired Moebius as their attorney. Moebius states in his affidavit that the McCleans hired him as
their lawyer. We have held that the contract unambiguously designated the Law Offices of
Michael A. Wash as the McCleans' attorney. Appellants' parol evidence is inadmissible to vary
the unambiguous terms of the contract. R & P Enter., 596 S.W.2d at 519; Heffron, 11 S.W. at
166-67; Shank, Irwin, Conant & Williamson v. Durant, Mankoff, Davis, Wolens & Francis, 748
S.W.2d 494 (Tex. App. 1988, no writ). We overrule point four.

 The McCleans contend in point of error one that a fact question exists whether they
had good cause to terminate the contract for legal services with appellee. If a client discharges
an attorney without good cause before the attorney has completed the work, the attorney can
recover on the contract for the amount of his compensation. Mandell & Wright v. Thomas, 441
S.W.2d 841, 847 (Tex. 1969); Howell v. Kelly, 534 S.W.2d 737, 739 (Tex. Civ. App. 1976, no
writ). Once the attorney proves that he contracted to provide legal services to the client and that
the client discharged him, he has established a prima facie case for the recovery of damages.
Rocha v. Ahmad, 676 S.W.2d 149, 156 (Tex. App. 1984, writ dism'd); Howell, 534 S.W.2d at
740. Good cause to discharge the attorney, being a defense of avoidance of the contract, is an
affirmative defense that the client must plead and prove. Tex. R. Civ. P. Ann. 94 (1979); Rocha,
676 S.W.2d at 156; Frye v. Appleby Water Supply Corp., 608 S.W.2d 798, 803 (Tex. Civ. App.
1980, writ ref'd n.r.e.); Howell, 534 S.W.2d at 740. The summary-judgment evidence
established the existence of the contract and the fact of discharge. The burden thus shifted to the
McCleans, as nonmovants, to support their affirmative defense by summary-judgment evidence
raising a fact issue. Seale v. Nichols, 505 S.W.2d 251, 254 (Tex. 1974). 

 Good cause to discharge an attorney that would excuse performance by the client
of a contract for legal services is shown by the attorney's default or refusal to perform. Howell,
534 S.W.2d at 740; e.g., Rocha, 676 S.W.2d at 155. Gerald McClean stated in his affidavit that
good cause for discharge arose when Wash tried to make himself McClean's attorney and tried
to remove McClean's attorney Erik Moebius. Moebius stated in his affidavit that Wash's removal
of the attorney the McCleans had chosen provided good cause. The McCleans' claim that good
cause to discharge appellee arose from his firing Moebius requires the assumption that Moebius
was the McCleans' attorney. As previously established, the contract here was made between the
McCleans and appellee, and it provided that appellee, not Moebius, would pursue the McCleans'
legal claim. As between the contracting parties, each owes a duty to perform his contractual
obligations, either personally or through one for whom the obliged party is responsible. Bernard
Johnson, Inc. v. Continental Constructors, Inc., 630 S.W.2d 365, 369 (Tex. App. 1982, writ
ref'd n.r.e.). The contract by its terms imposes a duty on appellee to perform legal services; it
imposes no duty on appellee to do so through Moebius. Thus, appellee's removal of Moebius
from the McCleans' case is no defense to the McCleans' failure to perform under the contract. 
See, e.g., Westbrook v. Watts, 268 S.W.2d 694, 696 (Tex. Civ. App. 1954, writ ref'd n.r.e.). 
We note that a contract to perform legal services in return for a contingency fee does not prohibit
the attorney from employing another lawyer to perform the legal services. See Royden v. Ardoin,
331 S.W.2d 206, 208 (Tex. 1960). The McCleans have failed to raise a fact issue on the
existence of good cause to discharge appellee. We overrule point one.

 In point of error seven, the McCleans argue that the trial court erroneously failed
to find that appellee breached the contract as a matter of law by removing Moebius as the
McCleans' attorney. We overrule this point for the reasons discussed under point of error one.

 The McCleans argue in point of error five that appellee's recovery of attorney's
fees punishes them for exercising their constitutional right to the attorney of their choice. When
a contract for legal services exists, however, an attorney can recover the amount of his
compensation if the client discharges him without good cause before he has completed the work. 
Mandell & Wright, 441 S.W.2d at 847; Rocha, 676 S.W.2d at 156; Howell, 534 S.W.2d at 739-40. We overrule point five.

 The McCleans contend in point of error nine that a fact issue remains on their claim
for tortious interference with contract. The McCleans alleged in their petition that the insurance
company's settlement of their third-party claim created a contractual relationship between them
and the insurer. As proof of appellee's tortious interference, the McCleans offered two letters,
in one of which appellee threatened to sue the insurance company to recover his attorney's fees.

 Appellee states in the letters that he is entitled to one-third of the McCleans'
settlement after deducting the amount of their health insurer's subrogation interest. He notes in
one letter that the insurance company's plan to reserve one-third of the McCleans' recovery for
attorney's fees does not provide for any payment to Moebius. Appellee's threatened assertion of
his right to the full one-third fee was legally justified as a bona fide exercise of his right under the
contingent fee contract. Sakowitz, Inc. v. Steck, 669 S.W.2d 105, 107 (Tex. 1984). We overrule
point nine.

 The McCleans raise several complaints about the trial court's judgment in point of
error six. They first complain that the trial court signed the judgment without their attorney's
notice or prior approval. The McCleans' attorney was present in court on July 5, 1991, when the
trial court announced its decision. The attorney has also admitted in postjudgment pleadings filed
of record that his office received appellee's proposed judgment on July 17th. This notice met the
requirement that all parties to the suit be notified of a proposed judgment. Tex. R. Civ. P. Ann.
305 (Supp. 1992). The court signed the final judgment July 24th. The McCleans' attorney did
not approve the judgment as to form, but lack of approval as to form does not invalidate the entry
of the judgment. Sigma Sys. Corp. v. Electronic Data Systems Corp., 467 S.W.2d 675 (Tex. Civ.
App. 1971, no writ); Sandoval v. Rattikin, 395 S.W.2d 889 (Tex. Civ. App. 1965, writ ref'd
n.r.e.).

 The McCleans also complain that the judgment as worded is permanently
unsatisfiable. In its judgment, the court states that disbursement of the $15,000.00 held in the
court's registry will partially satisfy appellee's $12,061.48 judgment against the McCleans. The
settling insurance company separated its deposit of $15,000.00 into two amounts: $12,061.48
payable to the McCleans' attorney and $2,938.52 payable to the attorney of the subrogated health
insurer. No party disputes the amount of each attorney's fee. Appellee's recovery of the
$12,061.48 attorney's fee carried both pre- and postjudgment interest. The court's statement that
the $15,000.00 would partially satisfy appellee's $12,061.48 judgment simply dedicates the
remaining $2,938.52 to the health insurer's attorney's fees. Appellee's full recovery on the
$12,061.48 fee, beyond the $12,061.48 deposit plus accrued interest, must be paid from other
than the interpleaded funds. The McCleans are not exposed to unending execution on the
judgment because it clearly states the amounts for which they are liable. We overrule point six.

 In point of error eight, appellant Moebius raises a complaint separately from
appellants McCleans. He argues that the trial court erred in awarding appellee an attorney's fee
of one-third of the amount the McCleans' health insurer recovered on its subrogation interest. 
Appellee initially asserted a third-party claim against Moebius in his original answer,
counterclaim, and third-party petition. In his first amended original answer and counterclaim,
however, appellee omitted the third-party claim. The filing of appellee's amended pleading
omitting Moebius as a third-party defendant effectively dismissed Moebius as a party to the suit. 
Hatley v. Schmidt, 471 S.W.2d 440 (Tex. Civ. App. 1971, writ ref'd n.r.e.). Appellee did not
move for summary judgment against Moebius, and Moebius was not a party to the trial court's
final judgment. Nevertheless, Moebius filed a cost bond on appeal. Because Moebius was not
a party to the judgment, he is not a proper party on appeal. Continental Cas. Co. v. Huizar, 740
S.W.2d 429, 430 (Tex. 1987); Gunn v. Cavanaugh, 391 S.W.2d 723 (Tex. 1965); Central Mutual
Ins. Co. v. Dunker, 799 S.W.2d 334, 336 (Tex. App. 1990, writ denied); see Tex. R. App. P.
Ann. 45 (Pamph. 1992). This Court has no jurisdiction to review a complaint raised by a party
not entitled to appeal. InterFirst Bank-Houston, N.A. v. Quintana Petroleum Corp., 699 S.W.2d
864, 878 (Tex. App. 1985, writ ref'd n.r.e.). We therefore do not address point of error eight.

 The judgment of the trial court is affirmed.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: August 12, 1992

[Do Not Publish]