Elizabeth HOWELL, Appellant,

v.

Bruce F. KELLY, Appellee.

No. 16637.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 4, 1976.

Carl L. Ray, Bryan D. Coleman, Houston, for appellant.

Carl Douglas Haggard, Houston, for appellee.

COLEMAN, Chief Justice.

This is a suit by an attorney to recover in quantum meruit for the legal services rendered to the defendant. The services were rendered pursuant to a contingent fee agreement, which was terminated by the client. The trial court entered a judgment on a jury verdict for the attorney. We affirm.

No statement of facts was brought forward to this court. In answer to the special issues submitted, the jury found that the client terminated the services of the attorney without the attorney's consent and that the attorney should recover the sum of $800.00 for the legal services rendered prior to the termination, as well as $250.00 as reasonable attorney's fees in the present case. The jury failed to find that the client terminated the employment without just cause. It is the client's position that the last mentioned finding of the jury, as a matter of law, requires a judgment that the attorney take nothing by his suit. The further contention is made that this negative finding is in conflict with the finding that the attorney should recover the sum of $800.00 for the legal services rendered.

The failure of the jury to find that the client discharged her attorney without just cause does not constitute a finding that the client discharged her attorney with just cause. The issue as submitted placed the burden of proof on the attorney to prove that he had been discharged without just cause, and he failed to carry the burden of proof. The issue facing this court, therefore, is whether it was necessary in this case that the attorney present evidence and secure a finding that his discharge was without just cause in order to sustain his cause of action, or whether the question of just cause is a defensive issue as to which the client has the burden of pleading and proof. The plaintiff alleged that he was discharged without just cause. The defendant filed an answer containing a general denial, but did not raise any affirmative defenses.

In a case where an attorney had been employed to recover certain land and was discharged by his client before the case was tried, the court upheld the right of the attorney to recover for services rendered prior to the termination of the contract by the client on the basis of quantum meruit. *Thompson v. Smith*, 248 S.W. 1070 (Comm. of App., Sec. B, 1923, judgment adopted). There the court said:

".  .  . Smith had no right to discharge him or prevent the completion of those services without fault on Thompson's part. He had rendered services to Smith on the faith of a contract. It was not intended by either party that those services should be gratuitous. The law implies a promise on Smith's part to pay to Thompson the reasonable value of services already rendered by him when Smith discharged him and prevented him from further services under the written contract."

In *Mandell & Wright v. Thomas*, 441 S.W.2d 841 (Tex.1969), the Supreme Court of Texas sustained a trial court's summary judgment awarding attorneys a full recovery on their contingent fee contract with the "personal representative" asserting a cause of action under the Jones Act or the Death on the High Seas Act. The client testified by deposition that she discharged her lawyer because she wanted to be represented alone and not with a group. The Supreme Court stated:

"We reject respondent's contention that Mandell & Wright's recovery should be limited to one of quantum meruit for the value of the work performed between the date of employment and the date of discharge. Her refusal to cooperate in their prosecution of the claim made it impossible for them to proceed further. In Texas, when the client, without good cause, discharges an attorney before he has completed his work, the attorney may recover on the contract for the amount of his compensation  .  .  ."

In some jurisdictions an attorney having a contingent fee contract with his client, who has been discharged for sufficient cause, is allowed to recover the reasonable value of the services he has rendered up to the time of discharge. *Fracasse v. Brent*, 6 Cal.3d 784, 100 Cal.Rptr. 385, 494 P.2d 9 (1972); *Willis & Conner v. Turner*, 25 S.W.2d 642 (Tex.Civ.App.—Waco, 1930, writ dism'd); *Phelps v. Elgin, Joliet & Eastern Ry. Co.*, 70 Ill.App.2d 89, 217 N.E.2d 519 (1st Dist. 1966); *Guilbeau v. Firemen's Fund Ins. Co.*, 293 So.2d 216 (La.App., 3rd Cir., 1974). In other jurisdictions, however, an attorney who is discharged for cause has no right to recover a fee and may be forced to remit a retainer paid in advance. *Coclin Tobacco Co. v. Griswell*, 408 F.2d 1338 (1 Cir., 1969).

Since an attorney under a contingent fee contract is permitted to recover on the contract in Texas, the usual rules of contract law are applicable. A party who has been damaged by a breach of contract has an election to pursue any of three remedies. He may treat the contract as rescinded and may recover upon a quantum meruit so far as he has performed; or he may keep the contract alive, for the benefit of both parties, being at all times ready and able to

perform; or, third, he may treat the repudiation as putting an end to the contract for all purposes of performance, and sue for the profits he would have received if he had not been prevented from performing. Restatement, Contracts, §§ 326, 327, 347; Restatement 2d Agency, §§ 453, 455; 11 Williston on Contracts, 3rd Ed. § 1358.

■ It is the burden of the plaintiff to establish the existence of the contract sued on; that he was ready and able to perform the contract; the happening of a condition on which liability is based, or that the condition would have happened if the promissor had abided by the terms of the contract; a breach of the contract; and the amount due him under the contract. The burden of proving the happening of a contingency which, by the terms of the contract, would discharge the party from liability, or any default or refusal to perform on the part of the plaintiff that would excuse the performance by the defendant, is on the party who seeks to avoid the contract or excuse a failure to perform it on that ground. 13 Tex.Jur.2d, Contracts, Sec. 390. As a general rule there must be specific pleading of excuses for nonperformance. 13 Tex. Jur.2d, Contracts, Sec. 385.

■ Once the plaintiff attorney has proven a contract to provide legal services to the defendant, and that the defendant has discharged him, he has established a prima facie case for the recovery of the resulting damage. *Meade v. Rutledge*, 11 Tex. 44 (1853); *Hassell v. Nutt*, 14 Tex. 260 (1855); *Hearne v. Garrett*, 49 Tex. 619 (1881); *Beaumont v. J. H. Hamblen & Son*, 190 Ark. 630, 81 S.W.2d 24 (1935).

■ The defendant failed to plead grounds justifying the discharge of the plaintiff, her attorney. There is no statement of facts. We must presume that the evidence supports the judgment of the trial court. While the jury failed to find that the employment contract was terminated without just cause, the answer made by the jury does not establish that the termination was with just cause. Since the burden of establishing just cause for the termination of the employment contract was on the defendant, the trial court properly entered a judgment for the plaintiff on the jury's verdict.

The judgment is affirmed.