John C. LANGFORD, et ux., Appellants,

v.

HOME FOR AGED MASONS, et al., Appellees.

No. 18399.

Court of Civil Appeals of Texas, Fort Worth.

May 28, 1981.

Barlow, Gardner, Tucker & Garsek and Terry Gardner and Michael T. Watson, Forth Worth, for appellants.

George C. Thompson, Jr., Wynn, Brown, Mack, Renfro & Thompson and Tom Renfro, Fort Worth, for appellees.

## OPINION ON MOTION FOR REHEARING

SPURLOCK, Justice.

We grant the motions for rehearing and withdraw the opinion and judgment of April 16, 1981, and replace it with the opinion below.

John C. Langford and wife, Patricia G. Langford, brought a cause of action against the Home for Aged Masons and others, alleging that the defendants wrongfully and illegally breached and terminated their contract of employment. It was undisputed that the plaintiffs were not paid for the last four months of their one year contract of employment. The plaintiffs were the administrator and the assistant administrator respectively for the Home for Aged Masons. Their employment was terminated by A. R. Casebolt four months before their one year contract of employment expired. By motions and stipulation the plaintiffs limited their cause of action to the one issue of whether or not A. R. Casebolt, acting as Grand High Priest of The Grand Royal Arch Chapter of Texas, Inc., had the authority under the constitution, articles and bylaws of the Home to fire them. The trial court rendered a taking nothing judgment from which the Langfords have appealed.

We affirm.

Mr. and Mrs. Langford had worked at the Home for Aged Masons over a period of time. They were employed on a year-to-year basis. On November 30, 1976, by action of the board of directors, reduced to writing, the directors for the Home for Aged Masons elected Mr. Langford as administrator and Mrs. Langford as assistant administrator for the ensuing year. There is no dispute as to how long they were employed or the terms of the employment contract. Plaintiffs were to be paid a salary and fringe benefits.

It is the plaintiffs' contention that the constitution, articles and bylaws of the Home limited the authority to hire and fire the administrator and assistant administrator of the Home to the board of directors of the Home. It is uncontested that on the day the Langfords were fired, Casebolt first demanded that the board remove the Langfords from their positions. The board refused. Casebolt then removed the board and discharged the Langfords himself. The Langfords sued for loss of salary and fringe benefits for the remaining term of their contract of employment.

Prior to trial the plaintiffs filed a motion in limine requesting the court not to admit any evidence concerning good cause for their being terminated. The court granted this motion and no evidence was admitted concerning the reason or good cause for the termination of their employment.

The trial court filed findings of fact and conclusions of law. The pertinent ones are as follows:

"2. Prior to presenting any evidence Plaintiffs' attorneys announced in Open Court that Plaintiffs did not and would

not contend that the Home for Aged Masons had no just cause for terminating the employment of John C. Langford and wife, Patricia G. Langford.

"3. The case proceeded to trial on the issue of whether or not Defendant Casebolt had authority to terminate the contract of John C. Langford and ·wife, Patricia G. Langford.

"4. ...

"5. That Defendant, A. R. Casebolt, acting within his capacity as Grand High Priest of The Grand Royal Arch Chapter of Texas, had authority to terminate the employment of Plaintiffs at the time and on the occasion in question."

The court found that the parties stipulated "that the question of whether or not the Langfords had properly performed their duties would not be an issue."

There were additional findings of fact and conclusions of law in which the court found that "Plaintiffs elected to stand on the theory that Casebolt was without authority to discharge the Langfords with or without cause."

Except for findings of fact number 5, these findings of fact and conclusions were not attacked by the plaintiffs.

 It is our opinion that Casebolt did have authority to discharge the plaintiffs under the facts in this case. Even if he did not have such authority, then by a document admitted into evidence dated August 8, 1977, the following appears.

"Mr. and Mrs. John C. Langford
Home for Aged Masons
1501 W. Division
Arlington, Texas 76012

"As the Grand High Priest of the Most Excellent Grand Royal Arch Chapter of Texas, and with the full approval and consent of the Grand Officers of the Grand Royal Arch Chapter of Texas, namely: J. M. Willson, Jr., Deputy Grand High Priest; Robert H. Waters, Grand King; E. Frank Smith, Grand Scribe; C. W. Hughes, Grand Treasurer; and Ed Bloomquist, Grand Secretary. We have this day removed you and each of you as Administrator and Assistant Administrator of the Home for Aged Masons in Arlington, Texas, . . . ."

The highest governing body of this masonic order discharged the plaintiffs and by so doing, ratified the actions of Casebolt.

 In the absence of contractual limitation, an employee who has been employed at will or at sufferance may be discharged by the employer with or without cause. *Scruggs v. George A. Hormel & Company*, 464 S.W.2d 730 (Tex.Civ.App.—Dallas 1971, writ ref'd n. r. e.); 38 Tex.Jur.2d *Master and Servant* sec. 12 (1962). This rule is not applicable where the employee is employed for a definite period of time.

 The Langfords were employed on a year-to-year basis. Under the facts in this case and the applicable law, the contract of employment may not be terminated under the terms of the contract unless good cause is shown. *Fairbanks, Morse & Co. v. Carsey*, 109 S.W.2d 985 (Tex.Civ.App.—Dallas 1937, writ dism'd); 53 Am.Jur.2d *Master and Servant* secs. 34, 43 (1970). Under these facts the burden of showing "good cause" for termination of employment rests on the employer. *Moore v. Missouri Pacific Railroad Company*, 264 Fed.2d 754 (5th Cir. 1959); 53 Am.Jur.2d *Master and Servant* sec. 67 (1970) and cases there cited.

Plaintiffs by their motion in limine and the stipulation limited the issue in this case to the authority of Casebolt to discharge them. Plaintiff, John C. Langford, testified as follows:

"Q. You understand that you have waived good cause at this hearing?

"A. I understand this, that is correct."

Under the state of the record the defendants were relieved of their burden of showing good cause for the termination of the employment.

Judgment affirmed.