Peter C. BOSCHE, Plaintiff-Appellant,

v.

**LEAR PETROLEUM EXPLORATION, INC. and Lear Petroleum Corporation, Defendants-Appellees.**

No. 84–2567.

United States Court of Appeals, Tenth Circuit.

April 21, 1987.

A.M. Demirali of Demirali & Associates, P.C., Denver, Colo., for plaintiff-appellant.

Richard L. Harring (Kim J. Seter, with him on brief), of Calkins, Kramer, Grimshaw & Harring, Denver, Colo., for defendants-appellees.

Before McKAY and SEYMOUR, Circuit Judges, and SAFFELS, District Judge.*

SAFFELS, District Judge.

Peter C. Bosche appeals the judgment rendered in a civil action tried before a jury in the United States District Court for the District of Colorado. Judgment was entered against plaintiff Peter C. Bosche and in favor of defendants Lear Petroleum Exploration, Inc. and Lear Petroleum Corporation.

I.

BACKGROUND

Plaintiff was employed by Lear Petroleum Exploration, Inc. and Lear Petroleum Corporation in January of 1981. He entered into the Royalty Plan of Lear Petroleum Corporation as part of the compensation associated with plaintiff's position. On January 15, 1982, plaintiff was terminated by Lear Petroleum Exploration, Inc. The 1981 Royalty Plan Agreement prescribed a formula for reducing a participant's interest in the event of termination "with cause." Lear subsequently reduced plaintiff's royalty interests under the Royalty Plan Agreement to twenty percent of his benefits, claiming that defendants' termination of the plaintiff was "with cause." Plaintiff then sought a declaration of his rights under the Royalty Plan Agreement from the defendants.

The 1981 Royalty Plan Agreement provided that the interest of Peter Bosche would become fully vested:

(1) upon the completion of 5 years from the first day of the first year plan in which participant participated in the Royalty Plan;

(2) upon death, total disability or normal retirement;

or

(3) upon termination by Lear, except if such termination was with cause or by voluntary resignation.

Plaintiff brought an action against the defendants in the United States District Court for the District of Colorado for breach of the Lear Corporation Royalty Plan Agreement. In his complaint, plaintiff alleged that Lear Petroleum Corporation and Lear Petroleum Exploration, Inc. breached fiduciary duties owed to Royalty Plan participants, committed constructive fraud, and converted the royalties to their own use by their characterization of plaintiff's termination as being "with cause." Both parties stipulated to the fact that the Royalty Plan was to be interpreted in accordance with the laws of Texas.

Approximately one month prior to trial, on August 14, 1984, pursuant to plaintiff's request, the district court ordered the parties to submit briefs on the issue of the burden of proof with regard to whether the termination was "with cause." After receiving the briefs, the district court issued the following Order on September 6, 1984:

From the pertinent language of subparagraph (c), it is clear that since termination is a condition precedent to the full vesting of benefits, it is plaintiff's burden to prove his employment was terminated by the defendants. (citation omitted) Once the fact of termination has been proven, however, the agreement by its terms shifts the burden to defendants to establish that one of the exceptions to subparagraph (c) applies to prevent full vesting of benefits....

Accordingly, it is

ORDERED plaintiff bears the burden of proving the fact of his termination. Defendants bear the burden of proving that the termination was for cause, as that term is understood in the agreement, in order to establish that plaintiff

---

* The Honorable Dale E. Saffels, United States District Judge for the District of Kansas, sitting by designation.

is not entitled to full vested benefits under the Royalty Plan.

*Id.* (footnote omitted).

On September 24, 1984, a jury trial on this action commenced. Lear Petroleum Exploration, Inc. and Lear Petroleum Corporation moved for a directed verdict at the close of plaintiff's case. During the arguments on the motion for directed verdict, the court held that the Order of September 6, 1984, was intended to place the burden of going forward with evidence on the issue of termination *"with cause"* on the defendants, but that the plaintiff bore the ultimate risk of non-persuasion. After the court's ruling, defendants rested their case without calling any witnesses.

Plaintiff, thereafter, made a motion to reopen his case on the ground that he was unaware that the ultimate burden of proof rested on him. Plaintiff represented to the court that he would have called several other witnesses and produced other evidence to rebut defendants' evidence in his case in chief, had he known that he had the ultimate burden of proof. In response, the court allowed plaintiff to make an offer of proof as to what evidence he would present if his case was reopened. After plaintiff's offer of proof, the court ruled that two of the witnesses' testimony that plaintiff sought to introduce would be denied as irrelevant. The court did allow plaintiff to call one additional witness by way of deposition.

At the close of all the evidence, the following jury instruction was given to the jury with respect to burden of proof:

In order for plaintiff to recover from the defendants on his claim for breach of contract, you must find that all of the following facts have been established:

1. The plaintiff was employed by defendants during the 1981 royalty plan year;

2. Defendants entered into an agreement with the plaintiff permitting plaintiff to participate in the 1981 royalty plan;

3. Plaintiff was terminated by defendants; and

4. Plaintiff has not been paid 100% of his royalty interest.

Since the parties have agreed that each of these facts are true, your verdict must be for the plaintiff unless the defendants carry their burden of producing an explanation that plaintiff's termination was "with cause." If you find the defendants have produced an explanation that plaintiff's termination was "with cause," then your verdict on the breach of contract claim must be for the defendants; unless the plaintiff has demonstrated by a preponderance of the evidence that the explanation produced by the defendants is not true.

The court also instructed the jury on the definition of "with cause":

The phrase "with cause" as it is used in the 1981 Royalty Plan means the employee failed to perform the duties of his employment in such a manner as a person of ordinary prudence would have performed them under the same or similar circumstances.

"Cause" does not require a showing that the employee committed an illegal or immoral act. Cause can be any act that has a tendency to injure the employer's business, financial interest, goals or reputation. It is conduct or performance that is so inconsistent with the employer-employee relationship as to provide a good reason for discharge.

Plaintiff's counsel objected to the instruction containing the "with cause" definition and the instruction regarding the burden of proof. Plaintiff's objections were overruled by the court.

After deliberation, the jury returned a verdict for defendants on all claims, having found that the termination was "with cause." On October 9, 1984, plaintiff filed a Motion for New Trial asserting that the district court erred in the allocation of the burden of proof, the use of the definition of "with cause" in the jury instructions, and the exclusion of certain evidence. Plaintiff's Motion for New Trial was denied on October 10, 1984. Plaintiff filed his Notice of Appeal on November 8, 1984.

On appeal, plaintiff asserts that the district court erred in its determination of the burden of proof, and its use of the definition of "with cause" given to the jury in the form of an instruction. Appellant also claims that the court's ruling regarding burden of proof constituted surprise sufficient to justify a new trial. Finally, the appellant asserts that the district court erred in excluding the testimony concerning plaintiff's employment history and work habits.

## II.

Plaintiff asserts that the district court erred in its determination that plaintiff had the ultimate burden of proving that his termination was without cause, and thus erred in so instructing the jury. Plaintiff contends that the jury should have been instructed that the ultimate burden of proof rested upon the defendants to prove that plaintiff was terminated with cause, thus divesting plaintiff of a percentage of his interest in benefits under the Royalty Plan. We agree with the plaintiff.

The language of the Royalty Plan itself at paragraph 4 on page 2 of the Agreement provides that the royalty interest will become fully vested upon the "termination of participant's employment by Lear, except if such termination was with cause...." Paragraph 3 of the Royalty Plan further provides that "all overriding royalty interests which are *forfeited* by a terminated participant shall be reassigned to Lear." Clearly, the terms of paragraph 4 list three unequivocal conditions for vesting. An exception or forfeiture provision is then provided whereby the plaintiff's royalty interest would be reduced if termination was "with cause." We conclude that through the defendants' use of this specific language, defendants obligated themselves to justify the reduction in a participant's royalty interest after termination by proving that the termination was "with cause." We note that the Royalty Plan was drafted by the defendants and the Plan could have been drafted as an entitlement provision placing the burden on the plaintiff to prove that his interest had vested. It was not so drafted. Forfeiture provisions are not favored in the law and thus must be strictly construed and affirmatively demonstrated. *First State Bank of Bedford v. Miller*, 563 S.W.2d 572, 577 (Tex.1978).

In *Advance Ross Electronics Corp. v. Green*, 624 S.W.2d 316 (Tex.App.1981), *cert. denied*, 458 U.S. 1108, 102 S.Ct. 3488, 73 L.Ed.2d 1370 (1982), the court held that "[w]here an agreement requires cause to terminate an employee, the burden of proof for establishing cause rests upon the employer." *Id.* at 318 (citing *Langford v. Home for the Aged Masons*, 617 S.W.2d 778, 780 (Tex.Civ.App.1981)). We find this statement of the law to be controlling as to burden of proof that should have been imposed in the present case. In *Advance Ross Electronics*, the plaintiff entered into a lease agreement with the defendants whereby plaintiff leased certain property to defendants. The lease agreement provided that if plaintiff's employment with the defendants was terminated for cause, the monthly lease payments would be reduced by a certain amount. After hearing the evidence in that case, the jury found that defendants did not have cause to terminate the plaintiff's employment. The Court of Appeals of Texas clarified the jury finding, stating "[t]he finding does not mean that defendants did not have just cause to discharge plaintiff, but merely means that the defendants failed to discharge their burden of proving by a preponderance of the evidence that they had cause to discharge plaintiff." *Id.* at 319 (citing *C & R Transports, Inc. v. Campbell*, 406 S.W.2d 191 (Tex.1966)). The jury should have been similarly instructed that the defendants in this case had the burden of proving plaintiff's termination was with cause.

We find that the court's Order on September 6, 1984 correctly stated the law. In so ruling, we are also guided by the decision in *Howell v. Kelly*, 534 S.W.2d 737 (Tex.Civ.App.1976) as to the law on this issue. In *Howell*, the Court of Appeals of Texas held that the burden is on the plaintiff to establish the existence of the contract sued on, the happening of a condition on which liability is based and the amount due him under the contract. The burden of

proving the happening of a contingency which, by the terms of the contract, would excuse performance by the defendant, is on the party who seeks to avoid the contract or excuse a failure to perform on that ground. *Id.* at 740. In *Howell,* a contract for legal services was entered into between the defendant and the plaintiff. The court found that once plaintiff proved the fact that a contract was entered into between the parties and that the defendant discharged the plaintiff, the defendant had the burden of justifying the discharge. In *Howell,* the court held that judgment was properly entered for the plaintiff as the burden of establishing just cause for the termination of the employment contract was on the defendant. *Id.*

The provisions of the Royalty Plan Agreement constituted a forfeiture provision whereby the vested royalty interest would be reduced upon a termination "with cause," defendants have the ultimate burden of proving "cause" to relieve them of liability. The jury should have been so instructed. For this reason we must conclude that the trial court erred in instructing the jury as to the burden of proof. Accordingly, the case is remanded for a new trial with instructions to be given consistent with our ruling.

REVERSED AND REMANDED.